ALDRIDGE *et al. v.* BREISCH.

(Division B.   Oct. 11, 1926.)

[109 So. 713.   No. 25703.]

TRUSTS.

Where instrument creating trust provides succession of trustees in event of death, inability or refusal of a trustee to act, on resignation of trustee first named, trusteeship devolves on next in succession named, without court action.

APPEAL from chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by Frank P. Aldridge, trustee, and others against George Breisch. Bill dismissed, and complainants appeal. Affirmed.

*Watson & Jayne,* for appellants.

I.   *Nature of offices of executor, testamentary trustee and guardian.* The bill alleged that the offices of executor, testamentary trustee and guardian, as set up under the will of the testator, were separate and distinct offices, with separate and distinct powers vesting in each of the holders of these offices. This allegation was admitted by appellee in his answer.

The above allegation on the part of the appellants and admission on the part of the appellee confirm the text of the books on that subject as shown by a reading of Schouler on Executors, sec. 372, p. 601. The offices of executor, trustee and guardian being separate offices, the resignation or removal of the holder of one of these offices would not effect a removal in the other, nor would the appointment of an executor in the place of one who had resigned convert such appointment into a trusteeship.

II.   The attempted resignation of James B. Fraley as testamentary trustee was ineffective because he failed to obtain an acceptance of his resignation and discharge from the court. Tiffany & Bullard on Trustees, p. 536, sec. 1; Perry on Trusts (3 Ed.), secs. 268, 274 and 25; 39 Cyc., p. 25, subsec. E; 39 Cyc. 294, 2 Disclaimer.; 39 Cyc. 258-E; 25 Standard Ency. of Proc., p. 118, subsec. C. The following cases support the contention of appellants that the attempted resignation of James B. Fraley as trustee was void and ineffective: *Clay, Adm., v. Edwards, Tr.,* 2 S. W. (Ky.) 149; *Cruger v. Halliday,* 11 Paige Ch. (N. Y.) 314; *Reid v. Allerton,* 3 Robt. 467; *Shepherd v. McEver,* 4 John. Chan. 136; *Chaplin v. Gibvin,* 1 Rice S. C. Eq. 133; *Reed v. Trulove,* 1 Am.

417; *Stacey* v. *Elph,* 1 Myl. & K. 195; *Henderson* v. *Sherman,* 11 N. W. 153.

The authorities seem clear that a trustee cannot divest himself of the obligations and duties to perform the trust without an order of court or the consent of all the *cestuis que trust. Thatcher* v. *Candee,* 4 Abb. N. Y. 398; 33 Hon. Pr. 149, 3 Keyes 160; *Robertson* v. *Bullion,* 9 Barb. 117; *Attorney-General* v. *Christ's Hospital,* 3 Bro. Ch. 165; *Brennan* v. *Willson,* 4 Abb. N. C. 287, S. C. 71 N. Y. 506; *Carter* v. *Gibson,* 45 N. W. 637; *Huckabee* v. *Billingsby,* 16 Ala. 416, 50 Am. Dec. 183; *Ross* v. *Barkley,* 18 Penn. St. 179, 55 Am. Dec. 616.

As shown by the authorities, after the acceptance of the trust by a trustee and his entering upon the duties thereof by taking into possession the trust estate, such trustee cannot disclaim and abandon the trust, but in order to effect his discharge, he must make application to the court, citing all parties, and obtain a court order to that effect.

*George Butler* and *Eugene Graham,* for appellee.

The only question argued by appellant is predicated on the contention that the contingencies upon which Mrs. Feltus became vested with the power of sale as testamentary trustee, did not happen, and that she could not validly execute the trust without an appointment from the court, because there had been no death, refusal or inability of Fraley to act. If this question is resolved against appellant, then the case is ended, but should it be resolved in their favor, there are other reasons, as we will undertake to show, why the decree of the court below should be affirmed.

It is perfectly apparent that the testator intended (1) that Fraley should execute the trust; (2) that in the event of Fraley's death before or after he undertook to execute the trust, he should be succeeded by the wife;

(3) that in the event Fraley became unable to execute the trust, either before or after he undertook execution thereof, that he should be succeeded by his wife; (4) that in the event Fraley refused to execute the trust, either before he became the executor or after, that he be succeeded by the wife. It is perfectly apparent, also, that the testator intended that the oldest living child should succeed Mrs. Feltus, under the same terms and conditions as Mrs. Feltus succeeded Fraley.

It is not worth while to cite cases or textbooks to the general proposition that where a person has accepted a trust and the instrument creating the trust provides for no successor, he can absolve himself from liability only by surrendering the trust to the chancery court and settling his accounts. We do not controvert that proposition.

All of the authorities agree that if the instrument creating the trust and appointing a trustee is silent upon the succession, that the mere act of the trustee does not divest him of the trust estate or relieve him of liability for the trust property. In such case he must perform his duties until relieved and a new trustee substituted by a court of competent jurisdiction; but all the authorities agree that an existing trustee may be discharged by the appointment of another in his place under a power contained in the trust instrument. Hill on Trustees (Pa. Lea & Blanchard 1846) 578, lays down five methods by which a trustee may be discharged and released of duties. In Hill on Trustees, 4th Am. Ed., the same rule is announced. See also Lewin on Trustees and Trusts (2 Am. from the 3rd Lond. Ed., Johnson & Co.), 1858; Perry on Trusts, secs. 274, 287, 288.

Fraley was unable to execute the trust and his inability so to do, upon that fact being made known and established, fully authorized Mrs. Feltus to assume the obligations of the trust and execute it. Inability in the language of the will means practical inability and in-

ability arising either before or after Fraley undertook to execute the trust, and the instrument executed by Fraley and the acceptance executed by Mrs. Feltus were sufficient to establish the inability in question. *Webster* v. *Kantz* (Colo.), 123 Pac. 139; *Mennard* v. *Welford*, 1 Sm. & Giff, 426, 65 Eng. Reprint 167. See also *O'Reily* v. *Alderson*, 8 Hare, 68 Reprint 289.

So I think it may be said that as a practical proposition Fraley was unable to execute the trust, and because of this inability and the terms of the trust instrument it was perfectly proper for him to declare that inability and for Mrs. Feltus to take upon herself the execution of the trust as contemplated by the testator.

Not only is this true, but Mr. Fraley refused to execute the trust. By his written statement he declined to serve further as trustee and tendered his resignation as such, and Mrs. Feltus by written instrument accepted the execution of the trust because of Fraley's refusal to act longer under the will.

It will not do to say that refusal refers exclusively to a disclaimer and has no application to the case of the trustee refusing to act after having once accepted the trust. The exact point has been made in cases heretofore and has been ruled against the appellant. Lewin on Trusts and Trustees, 472; *Re Armstrong*, 5 Weekly Rep. 448; *Re Roach*, 1 Conn. & Laws 306; *Mitchell* v. *Nixon*, 1 Ir. Eq. Rep. 155; and *Crook* v. *Englesby*, 2 Ir. Eq. Rep. 375; *Travis* v. *Illingworth*, 62 Eng. Reprint 652; Perry on Trusts, sec. 291; Williams' Settlement, 70 Eng. Reprint 37; *Farnum* v. *The Administrator General, etc.*, 14 App. Cas. 651.

If the act of Moore in illegally appointing a trustee was equivalent to a representation that he was unwilling or unable to continue and a demission of office, it would seem clear that the act of Fraley in reciting his inability to execute the trust and declining and refusing to serve further, and reciting the turning over of the

property to Mrs. Feltus, as his successor, would divest him of all authority to act as trustee; would be a demission of the office; and that Mrs. Feltus might thereafter legally execute the trust. 39 Cyc., note, p. 273; *Brooklyn Heights Ry. Co.* v. *Brooklyn City Ry. Co.,* 93 N. Y. Supp. 849.

It was not incumbent upon Mrs. Feltus before entering upon the execution of the trust to have her appointment recognized or confirmed by the chancery court. The source of her power and authority is the will of the testator.

It became the duty of the successive trustees to execute the trust when and as contemplated by the testator, as shown by the instrument creating the trust, they received and could receive no power or authority from the chancery court. Section 2013, Code of 1906 (section 1678, Hemingway's Code); *Ricks* v. *Johnson,* 134 Miss. 676.

Argued orally by *H. C. Watson,* for appellants, and *George Butler,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellants F. P. Aldridge, as testamentary trustee of J. A. V. Feltus, deceased, Catherine Feltus Aldridge, Aimee Feltus Aldridge, and Martha Feltus Lemerick, filed their bill in the chancery court of Washington county against appellee, George Breisch, claiming title to lands in said county theretofore conveyed by Kate Berkley Feltus, acting as testamentary trustee under the will of her husband, the said J. A. V. Feltus, and seeking to cancel said conveyance as a cloud on appellants' title to the lands involved, and to recover rents and profits therefor from appellee. The cause was heard on bill, answer, and cross-bill and answer to the cross-bill, and proofs, and final decree entered dismissing the bill. From that decree, appellants prosecute this appeal.

The following is deemed a sufficient statement of the case in order to develop the question involved, there being only one question to be determined:

On July 6, 1908, J. A. V. Feltus, who owned a large body of real estate in Washington county, and had living a wife and three minor children, the children being the appellants in this cause, executed his last will and testament in which he disposed of his entire estate. The will provided, among other things, that James B. Fraley, of Chicago, Ill., a brother-in-law of the testator, should be executor and trustee to carry out the provisions of the will, with full authority and power in him, as well as in any of the successive trustees named in the will, to sell and dispose of any and all of his estate, real and personal, except the plantation known as the "Three Oaks," which is not involved in this case. The will provided that, in the event of the death or refusal or inability of James B. Fraley to act as trustee or executor, the testator's wife, Kate Berkley Feltus, should succeed him with all the authority and power conferred on him by the will, and that, in the event of her death, inability, or refusal to act as executor and trustee, the testator's oldest living child should act with like authority and power, and, in case the oldest child was not yet of age, William Griffin should act as executor and trustee until such oldest child should become of age.

J. A. V. Feltus died on the 14th day of December, 1908, and, on petition of Jas. B. Fraley, executor and trustee named in the will, the will was duly admitted to probate on the 4th day of January, 1909, and letters testamentary issued to him upon his taking the oath of office, which condition was complied with by him and he proceeded to administer the estate. On December 4, 1909, Jas. B. Fraley filed in the court in which the estate was being administered a petition in which he recited that he had accepted the trust imposed by the will, and attached thereto was a final account of the estate that had

come into his hands under the provisions of the will and his disposition thereof. The petition recited further that the petitioner had accepted the trust as a personal favor to his brother-in-law, the testator; that he had administered the estate so far at great inconvenience and personal sacrifice, spending a large part of his time away from his home in Chicago, in Washington county looking after the property; that the petitioner was more than sixty years of age, residing with his family in Chicago, and found that he was unable longer to devote his personal attention to the trust, and felt that it was his duty to resign the same, which resignation, both as trustee and executor, he tendered with his petition and final account. The petition recited that the widow of the testator, Mrs. Kate Berkley Feltus, was entitled under the will to succeed the petitioner as trustee, and that he had turned over to her the entire estate remaining in his hands, and had taken her receipt therefor, and she had accepted the trust in his place and stead. The final account, which was approved by the court, not only purported to be a final account of·his executorship but also of his trusteeship. There was also attached to the petition a paper signed by Mrs. Kate Berkley Feltus, in which it was recited that she, as the widow of the testator, signified her acceptance of the trusteeship as successor to Fraley who had refused to further carry out the trust, and that, in pursuance of such acceptance by her, she had taken charge of all the estate, real and personal. She acknowledged in this paper service of notice upon her to show cause why Fraley's final account should not 'be approved by the court and he discharged both as executor and trustee of the said estate.

On the 18th of October, 1910, Fraley's petition and final account were heard and a decree entered reciting, in substance, that the cause was heard upon Fraley's final account and his petition seeking to resign his executorship, and, it appearing to the court that all persons in

interest had been duly served with process to show cause, if they could, why the final account of the executor should not be approved and the executor discharged, and the court being of the opinion that the resignation of the executor should be accepted and his final account approved and he discharged, and (quoting from the decree) "it is therefore considered by the court, and so ordered and decreed, that the resignation of James B. Fraley, executor of the estate of J. A. V. Feltus, deceased, be accepted and that his final account be approved and said executor finally discharged."

The question in the case arises out of the fact that the decree of the court failed to accept Fraley's resignation as trustee but only accepted his resignation as executor; the decree being silent as to the trusteeship.

Appellants contend and appellee concedes, and it is true under the law, that the offices of executor and testamentary trustee are two separate and distinct offices; that the acceptance by the court of Fraley's resignation as executor was not an acceptance of his resignation as testamentary trustee. Appellants' position is that under the law Fraley remained testamentary trustee under the will and held that office at the time of the conveyance of the land involved to appellee; that therefore such conveyance to appellee by Mrs. Kate Berkley Feltus assuming to act as testamentary trustee was void and conveyed no title. To sustain their position, appellants rely on the principle set out in Tiffany and Bullard on Trustees, section 1, p. 536, and Perry on Trusts (3 Ed.), section 268, p. 349, section 274, p. 355, section 25, p. 2370, and other authorities announcing the same principle, to the effect that, where a person has actually accepted and undertaken the office of trustee under an instrument he cannot by his own act discharge himself from further duties under his trust; that he cannot be compelled to undertake the trust and assume its responsibilities, but, having undertaken them, he cannot

144 Miss.—19.

be discharged therefrom except by application to the proper court in which all persons in interest are made parties. All parties in interest in this case were made parties to Fraley's petition presenting his final account as executor and trustee and asking that his resignation be accepted in both capacities, but the decree of the court approving the final account only accepted his resignation and discharged him as executor, the decree being silent as to his resignation as trustee. Therefore appellants contend that, although Fraley had tendered his resignation both as executor and trustee, and although he had presented his final account in both capacities, which was approved by the court, and although Mrs. Kate Berkley Feltus, the trustee in succession to Fraley named in the will, had accepted the trusteeship under the will and had proceeded to carry out the trust, that nevertheless Fraley did not thereby get rid of his trusteeship because he was not discharged therefrom by the decree of the court.

Appellee does not controvert the soundness of the principles of law relied on by appellants, but argues that they are not applicable to the facts of this case; that they only apply to a trusteeship where the instrument creating the trust makes no provision for a succession of trustees in case of the death, inability, or refusal of a trustee to act. Appellee's position is that, where the trust instrument provides for a succession of trustees on the death, inability, or refusal of a trustee to act, no proceeding in court is necessary to establish the fact of such death, inability, or refusal to act, and, when either of those conditions named in the instrument exist as a fact, the person named as trustee in succession has the authority to assume the office of trustee and proceed to administer the trust without resort to court for a decree authorizing such action.

A trustee may divest himself (of his character as such (1) by consent of all parties in interest competent

to contract; (2) he may be removed and discharged and another trustee appointed in his place by a proceeding before a court having jurisdiction over the trust; and (3) he may be discharged and a new trustee appointed in the manner provided in the instrument creating the trust, where such instrument makes provision therefor. The trust here involved comes under the latter principle. The principle that when a trustee accepts a trust he cannot divest himself of his office except by a proceeding in a court of competent jurisdiction has no application to the character of trusteeship provided for in the will in this case. That principle has application alone to a trust in which the instrument creating the trust has failed to provide for a succession of trustees in case of death, inability, or refusal of any trustee to act. It is grounded on the rule that a trust will not be permitted to fail for the want of a trustee. Where the trust instrument only names one trustee and makes no provision for a succession of trustees, and the trustee named enters upon the performance of the trust, if such trustee could relieve himself of his office without the authority of the court having jurisdiction of the trust, the result might follow that the trust would fail. But a resort to the court having jurisdiction of the trust to appoint a trustee is only necessary where the trust instrument fails to provide for a succession of trustees. Where such succession is provided for in the trust instrument in case of the death, inability, or refusal of any trustee to act, there can be no failure of the trust for the want of a trustee until the succession of trustees provided for in the instrument has been exhausted; therefore resort by a trustee to the court having jurisdiction of the trust to be relieved of the duties of his office is wholly unnecessary. The trust instrument itself has made provision for exactly that contingency. Perry on Trusts, sections 274, 280, 287, 288, 291, and 401 and 39 Cyc. 273, recognize the principle that a trustee in a trust instrument

may be discharged and a new trustee appointed as provided in the instrument creating the trust, where such instrument makes provision therefor, without the consent of the parties in interest, and without any action of the court having jurisdiction of the trust.

On the resignation of Fraley, the trusteeship under the will involved devolved on the next trustee in the succession named in the will, Mrs. Kate Berkley Feltus, and therefore her conveyance of the land involved to appellee in this cause was valid.

*Affirmed.*